## GEORGE GRANT v. W. E. DABNEY.

CONTRACT, *In Writing; Interpretation and Construction.* Where G. sent to D. a letter saying, "Please let Mr. S. and family have whatever they may want for their support, and I will repay you for the same," and thereafter D. (at the instance of the S. family) procured a physician to attend the family, and such physician under such employment furnished medicines and medical services of value, *held*, in an action brought by D. against G. therefor, that D. could not recover upon the authority of the letter for the services and medicines furnished by the said physician.

*Error from Ellis District Court.*

AT the April Term 1876 of the district court, *Dabney* recovered judgment against *Grant* for $200 and costs. *Grant* brings the case here. The opinion contains a sufficient statement of the facts.

*McClure & Humphrey*, for plaintiff in error.

*Gilkerson & Lane*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these: The plaintiff in error sent to W. E. Dabney a letter, of which the following is a copy:

"VICTORIA, ELLIS COUNTY, October 1st, 1873.

"MR. DABNEY—*Dear Sir:* Please let Mr. Seth and family have whatever they may want for their support, and I will repay you for the same.          GEORGE GRANT."

During the months of October and November 1873, the said W. E. Dabney, at the request of the Seth family, mem-

bers of whom at the time were very ill, procured one L. Watson, then a practicing physician and surgeon, to attend the family, and during said months Watson furnished medicines and professional services of the value of $200. The question is presented, whether the plaintiff in error is liable to the defendant in error for said claim under the written instrument above described. The district court decided he was, and hence this action to reverse the judgment. It is well understood, that in construing written instruments, effect should be given, if possible, to all the words contained therein, and that the language employed should be taken in its usual, common, and ordinary signification. Nothing is contained in the record as to the situation or business of the parties to this action at the date of the letter, or written order, and hence we are not advised of the purpose of the plaintiff in error in delivering the writing, except as we may gather his intentions from the words used by him. We may fairly assume however, that the defendant in error was not a physician, nor a dealer in medicines, otherwise he would not have employed another to attend and furnish the services and articles sued for to the Seth family in their sickness. Under these rules of construction, and this view of the case, we do not think the action of the defendant in error should have been sustained by the district court upon the petition in the case and the evidence submitted. The written authority provides that Dabney should *let* the Seth family have whatever they might want for their *support*. Now the word *let*, thus used, ordinarily means to grant possession, to give, to furnish, etc. If A. says to B., "Please *let* C. have a horse and I will pay for it," the common understanding of the language would be that B. was to furnish one of his own horses, or a horse in his possession, to C., and not that D. should sell his horse to C. and that B. should charge and collect of A. the value thereof. Again, the word "support" is generally used to mean articles for the sustenance of the family, as food, etc. It is true, in some cases it would include medicines and medical services as necessaries; but it is

evident to us that it was not the intention or purpose of the plaintiff in error to give the word such a broad signification, and Dabney could not have reasonably so interpreted it. To hold the language of the letter to extend to the claim for medicines and medical treatment furnished by others than the party to whom the letter was addressed, would be giving a forced and strained construction not authorized in the writing. If the meaning of the word "support" is to be extended beyond its common import, it is difficult to determine the limit of the liability assumed by the writer. Further, to "*repay*," does not necessarily mean to pay money. It has also the meaning of return, restore, etc.; and to hold that Grant had the right to repay in kind of articles furnished for the support of Mr. Seth and family, would not be at variance with the language of the order. The construction of tht court below of the written authority gave to its language an unusual one, and one which the mass of mankind viewing the question would not agree to.

The judgment of the district court will be reversed.

All the Justices concurring.